UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LEROY CAGE, JR.,

                Petitioner,                Case No. 1:08-cv-676

v.                                                   Honorable Robert J. Jonker

BLAINE LAFLER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, I recommend that the amended petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

    I.       Factual Allegations

Petitioner presently is incarcerated at the Carson City Correctional Facility. In Muskegon County Circuit Court, Petitioner pleaded guilty to possession with intent to deliver 50 or more but less than 450 grams of a controlled substance, in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iii); and two counts of assaulting, resisting or obstructing a police officer, in violation of MICH. COMP. LAWS § 750.81d(1). On April 17, 2007, the trial court sentenced Petitioner, as a third habitual offender under MICH. COMP. LAWS § 769.11, to twelve to thirty years' imprisonment for the possession with intent to deliver charge, and two and one-half years to four years' imprisonment for each of the assault charges. (Am. Pet. at 1, docket #6.)

Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, raising the following claim: "the trial court violated [Petitioner's] Sixth and Fourteenth Amendment[s] rights by imposing a minimum guideline range sentence based upon the scoring of facts not proven to a jury beyond a reasonable doubt nor admitted by [Petitioner]." (Am. Pet. at 2-3.) On December 3, 2007, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit in the grounds presented. (Attach. 1 to Am. Pet.) On March 24, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the question presented should be reviewed by the court. (*Id.*)

In his amended application for habeas corpus relief, Petitioner raised the same claim that he presented to the Michigan Court of Appeals and Michigan Supreme Court. (Am. Pet. at 6.)

II.     Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be  instructive in assessing the reasonableness of a state court's resolution of an issue."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time

[the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the

- 4 -

strictures of the AEDPA. *Harris*, 212 F.3d at 943. However, the Sixth Circuit recently has clarified that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### III.   Analysis

Petitioner argues that the trial court judge violated his rights under the Sixth and Fourteenth Amendments to a trial by jury by using facts to enhance his sentence that had not been admitted by Petitioner or found to be beyond a reasonable doubt by a jury. Petitioner bases his argument largely on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which

allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of the Supreme Court's holding in *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. The trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme as a third habitual offender, and it did not violate his constitutional rights. *See* MICH. COMP. LAWS § 769.11; *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan.

19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the amended habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  December 3, 2008                               /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


### **NOTICE TO PARTIES**


Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).